**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RYAN D. WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-CV-0438-CVE-FHM |
| ) | |
| JIM KEITH, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court in this habeas corpus action is respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 12). Respondent also filed a brief in support of the motion (Dkt. # 13). Petitioner, a state inmate appearing pro se, filed a response to the motion to dismiss (Dkt. # 16). Petitioner also filed a motion for ruling (Dkt. # 17). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is time barred. Therefore, respondent's motion to dismiss shall be granted. Petitioner's motion for ruling shall be declared moot.

*BACKGROUND*

On October 30, 1990, in Tulsa County District Court, Case No. CF-1990-4463, petitioner, Ryan D. Wilson, stood mute and a plea of not guilty was entered on his behalf on a charge of first degree murder, AFCF. (Dkt. # 13, Ex. 1). On November 26, 1990, a state magistrate judge dismissed the murder charge. Id. The prosecutor then appealed this ruling to a state district judge. Id. The district judge reversed the magistrate judge's ruling and reinstated the murder charge on

December 19, 1990.  Id.  The district judge also permitted the prosecution to charge Wilson with larceny of an automobile, AFCF.  Id.  On April 1, 1991, Wilson changed his plea to guilty on both counts and was sentenced to life imprisonment for first degree murder and twenty years imprisonment for larceny of an automobile.  Id.  Wilson did not file a motion to withdraw his plea and did not perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals ("OCCA").  Id.

Wilson took no action on his convictions until December 22, 2005, when he filed an application for post-conviction relief.  Id.  On March 9, 2006, the district court denied his application. Id.  Wilson then appealed the district court's ruling to the OCCA.  On July 5, 2006, in PC-2006-425, the OCCA dismissed the attempted post-conviction appeal as untimely.  See www.oscn.net.  Wilson then sought and was granted an out of time post-conviction appeal by the OCCA on May 9, 2007, in PC-2007-221. (Dkt. # 13, Ex. 2).  On May 24, 2007, Wilson filed a petition for writ of mandamus in the OCCA.  See www.oscn.net.  On June 11, 2007, in MA-2007-527, the OCCA dismissed the petition.[1]

On August 7, 2007, Wilson filed his petition for writ of habeas corpus (Dkt. #1).  On October 23, 2007, he filed an amended petition (Dkt. # 6).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

---

[1] Wilson claims that the OCCA misconstrued his post-conviction appeal as a petition for writ of mandamus. However, even if this claim is accurate, it has no bearing on the outcome of this habeas action.

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA.  Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996.  United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).  In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief.

The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Wilson failed to file his habeas petition within the one-year limitations period. Wilson's conviction became final on April 11, 1991, ten days after entry of his Judgment and Sentence. See Rule 2.5(A), *Rules of the Court of Criminal Appeals* (requiring the filing of a notice of appeal within ten (10) days from the date the Judgment and Sentence is imposed in open court in order to commence an appeal). As Wilson's conviction became final before April 24, 1996, the date of enactment of the AEDPA, any habeas petition filed after April 24, 1997, absent a tolling event, would be untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Wilson did not seek any post-conviction relief during the grace period. While Wilson did file an application for post-conviction relief on December 22, 2005, a collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Because the one-year limitations period was not tolled under § 2244(d)(2), Wilson's petition for writ of habeas corpus, filed on August 7, 2007, appears to be time barred.

In his response to the respondent's motion to dismiss, Wilson argues that he is entitled to equitable tolling because "[a] miscarriage of justice has resulted in one who is actually innocence [sic]." (Dkt. # 16). In the context of the doctrine of procedural default, the fundamental miscarriage of justice exception is limited to cases where "a constitutional violation has resulted in the conviction of one who is actually innocent." Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). A claim of actual innocence may serve to toll the AEDPA statute of limitations. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to demonstrate actual innocence, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). Furthermore, a claim of actual innocence must rest upon an allegation of factual innocence and cannot be based upon an alleged error in state procedure. See Laurson v. Leyba, 507 F.3d 1230, 1233 (10th Cir. 2007). Wilson's claim of innocence is based principally upon the reinstatement of his first degree murder charge by a state district court judge after it was dismissed by a state magistrate judge in a preliminary hearing. See Okla. Stat. tit. 22, § 1089.1. He also claims that he is actually innocent based upon "the District State Judge's factual findings and that because the Prosecution . . . failed to properly appeal this issue in the Court of Criminal Appeals." (Dkt. # 16). Since Wilson's claim of innocence is based upon an alleged impropriety in state procedure, it is not a claim of factual innocence, and, thus, cannot be the basis of an actual innocence claim. Additionally, Wilson cites no new evidence that could support a claim of actual innocence.

Even if Wilson were able to make a proper claim of actual innocence, equitable tolling of the AEDPA limitations period is appropriate only "when an inmate diligently pursues his claims and

demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Equitable tolling will generally not apply when "it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). See also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (holding that petitioner did not diligently pursue his claims when he allowed four years to lapse between the completion of his state post-conviction review and the filing of his federal petition for writ of habeas corpus).  In this case, Wilson's excessive, unexplained delay of fourteen years in seeking post-conviction relief in state court demonstrates that he did not diligently pursue his claims.  After his conviction became final in April 1991, Wilson took no action on his claims until December 2005.  Also, Wilson makes no argument and cites no evidence that this lengthy delay was due to "extraordinary circumstances beyond his control."  Id.  The Court concludes that petitioner is not entitled to equitable tolling.

## *CONCLUSION*

Because petitioner failed to file his petition for writ of habeas corpus within the one-year grace period, respondent's motion to dismiss for failure to file within the limitations period shall be granted.  The petition for writ of habeas corpus, as amended, shall be dismissed with prejudice.  Petitioner's motion for ruling shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 12) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 6), is **dismissed with prejudice**.

3. Petitioner's motion for ruling (Dkt. # 17) is **declared moot**.

4. A separate judgment shall be entered in this matter.

**DATED** this 17th day of June, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT